UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| SAMUEL SMITH, SR., ) | |
| ) | |
|     Debtor. ) | |
| _____ ) | |
| ) | |
| ROSS H. BRIGGS, ) | |
| ) | |
|     Appellant, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1293 HEA |
| ) | |
| JOHN V. LaBARGE, JR., ) | |
| ) | |
|     Appellee. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on appellant's appeal from the Bankruptcy Court Order of July 25, 2005 in which the Court ordered the Chapter 13 Trustee to withhold payments to appellant as a sanction for appellant's failure to comply with the Court's Order. Jurisdiction over this appeal is proper under 28 U.S.C. § 158(a)(1).

Appellant sets forth three separate issues on appeal. First whether the Bankruptcy Court exceeded its jurisdictional authority by acting on matters which were the subject of a pending appeal to the United States Bankruptcy Panel for the Eighth Circuit.

Second, whether the Bankruptcy Court exceeded its jurisdictional authority by purporting to exercise the power of contempt when such authority was not granted to the court by the United States Bankruptcy Code.

Third, whether the Bankruptcy Court erred in finding appellant in contempt when the underlying order of the court was invalid on its face.

The Court will affirm the judgment of the Bankruptcy Court for the reasons set forth below.

## Factual Background[1]

This case arises out of an underlying Bankruptcy Petition filed on December 3, 2003 by appellant for debtor Samuel Smith. *In re Samuel Smith*, Cause Number 03-56169-399. Appellant represented the debtor as his attorney in this bankruptcy proceeding. The debtor filed schedules and a statement of financial affairs in conjunction with his petition listing a single debt: a mortgage obligation in the amount of $20,000. On December 23, 2003, the debtor filed a Plan of Reorganization providing for the payment of post-petition monthly mortgage payments in the amount of $302 to the mortgagee outside of the plan. The Plan also provided that the debtor agreed to pay the trustee $150.00 per month for 36 months

---

[1] The recitation of facts is taken from the Bankruptcy Court Order of June 28, 2005 and the parties' briefs. Neither party disputes the facts as found by the Bankruptcy Court.

to be distributed as follows: 1) pay the pre-petition arrearage on the mortgage of $3,250; 2) pay appellant's attorneys' fees fo $1,751; and 3) pay the debtor's filing fee to the Clerk of the Bankruptcy Court in the amount of $194. The only claim filed in this case was by the mortgagee on January 9, 2004, in the total amount of $26,043.90. The pre-petition arrearage was $8,014.32. The Plan was confirmed on March 2, 2004.

On May 5, 2004, the mortgagee filed a motion for relief from the automatic stay or for dismissal of the case alleging that the debtor was in arrears on his post-petition mortgage obligations, with a balance due of $1,393.59. The parties entered into a stipulation wherein the debtor agreed t pay a post-petition arrearage of $1,098.29 at the rate of $183.05 per month for six months in addition to the regular monthly mortgage payments of $302.35.

The mortgagee filed two notices of debtor's default under the stipulation.[2] The debtor responded to the second notice on April 25, 2005 by filing a motion to borrow $33,000 or the total amount necessary to pay the mortgage, all claims allowed in his bankruptcy case, costs for closing the loan, and $2,000 in cash. The amount necessary to pay off the existing mortgage was $29,362.04 as of April 27,

---

[2] The first notice of default, filed on January 31, 2005, was withdrawn on February 1, 2005.

2005. The debtor sought authority to borrow funds from Wells Fargo Bank, N.A. The estimated monthly payment of principal and interest under the new loan would be $230.75. The loan had an adjustable interest rate. Included in the Good Faith Estimate of Settlement Costs provided by Wells Fargo, the estimated closing costs were $2,738.5. The motions stated that the debtor would not be required to pay funds to close the new loan. The Bankruptcy Court presumed therefore that the closing costs were included in the amount of the new loan. On May 27, 2005, the Bankruptcy Court terminated the automatic stay to allow the mortgagee to foreclose its interest in the debtor's residence as a result of the debtor's default under the stipulation. The Bankruptcy Court also approved the debtor's Motion to borrow funds.

The trustee objected to the debtor's motion to borrow funds and filed a Motion seeking the denial of payment of appellant's attorneys fees on the basis that appellant was operating under a conflict of interest: appellant represented the debtor in filing the motion to refinance the loan secured by the debtor's home while at the same time he was an employee of the lender, Wells Fargo. At a hearing on this motion, appellant advised the Bankruptcy Court that the debtor had closed the loan with Wells Fargo. As a result of the new loan, the debtor had a debt encumbering his home in the amount of $33,000.

The Bankruptcy Court entered its Order of June 28, 2005 granting the trustee's Motion to Deny Attorneys' Fees.  This Order denied payment of attorneys fees to appellant from the bankruptcy estate, but allowed him to retain $99 paid prior to the filing of the bankruptcy petition.  The Order also directed appellant to file by July 8, 2005 a list of all cases in which appellant represented a debtor in a case before "this Court."  Appellant did not file the ordered list.

On June 30, 2005, appellant filed a notice of appeal from the June 28, 2005 Order.  This appeal was filed with the Bankruptcy Appellate Panel for the Eighth Circuit.  This appeal is currently pending.

On July 13, 2005, the Bankruptcy Court entered an Order *sua sponte*, ordering appellant to show cause why sanctions should not issue against him as a result of his failure to comply with the Bankruptcy Court's Order requiring him to file a list of cases in which he has performed services in dual capacities.  This Order ordered appellant to appear before the Bankruptcy Court on July 25, 2005 and show cause why sanctions should not be issued against him.  Included in this Order was the admonishment that "[s]uch sanctions may include but are not limited to an order directing the Chapter 13 Trustee to withhold payment of any and all amounts to [appellant] in any and all cases until such time as [appellant] complies with the June 28 Order.  Monetary sanctions may also be issued against [appellant]."  Appellant

filed a Response to this Show Cause Order on July 19, 2005.

The Bankruptcy Court held the show cause hearing on July 25, 2005. Both appellant and the trustee appeared. Following the hearing, the Bankruptcy Court entered its Order in which the Court found that sanctions were warranted pursuant to 11 U.S.C § 105(a). This finding was a result of appellant's failure to comply with the provisions of the Court's June 28, 2005 Order requiring appellant to file the list of cases in which he served in dual capacities. This Order is the subject of this appeal.

**Standard of Review**

Bankruptcy Rule 8013, which sets forth the standard of review to be applied by district courts with respect to bankruptcy appeals, provides: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." On the basis of this Rule, the Court must accept Judge Schermer's findings of fact unless they are found to be clearly erroneous. *Id.* The Court reviews the Bankruptcy Court's legal conclusions *de novo*. *In re Apex Oil Co., Inc.*, 406

F.3d 538, 541 (8th Cir. 2005).

## Discussion

Appellant first argues that the Bankruptcy Court lack jurisdiction to enter the July 25, 2005 Order because of the first appeal. While the Court agrees that an appeal removes form the lower court jurisdiction "over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58. This argument fails to recognize, however, that the jurisdictional transfer principle is not absolute, and therefore there are distinct situations in which the principle does not apply. *See State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir. 1999) (noting that the jurisdictional principle espoused by *Griggs* is not absolute). First, the jurisdictional transfer principle does not divest the district court of all jurisdiction--but rather, only of jurisdiction over the matters appealed. *See Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985). The district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal. *See Harmon,* 101 F.3d 574, 587 (8th Cir.1996) ("where the issue of attorney fees is not before the court of appeals ... the district court may consider it"); *Davis v. Hall,* 259 F.Supp.2d 906, 908 (E.D.Mo.2003) (recognizing that the district court retains jurisdiction over matters collateral to the appeal); *Robinson v. Eng,* 148 F.R.D. 635, 637 (D.Neb.1993) (determining whether Rule 11 sanctions were

appropriate after recognizing that sanctions were collateral to the merits of the pending appeal); 16A FEDERAL PRACTICE AND PROCEDURE § 3494.1 ("The district court may also resolve collateral matters that do not interfere with the appeal."). The show cause order was clearly collateral to the Order from which appellant appealed. Appellant did not seek a stay of the Order requiring him to provide a list of those cases in which he had exercised a dual capacity, nor did it change any of the findings of fact or conclusions of law. Rather, the July 25 Order collaterally addressed appellant's failure to provide the said list.

Regarding the Bankruptcy Court's authority to enter the July 25, 2005 Order, the Court agrees with the Trustee that the Bankruptcy Court has the authority under Section 105(a) of the Bankruptcy Code to enter sanctions against appellant. "Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." *Walton v. LaBarge*, 223 F.3d 859, 864 (8th Cir. 2000). The decision of a bankruptcy court to impose sanctions is reviewed for an abuse of discretion. *In Re Kujawa*, 270 F.3d 578 (8th Cir. 2001).

Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title. No provision of
this title providing for the raising of an issue by a party in interest shall
be construed to preclude the court from, sua sponte, taking any action
or making any determination necessary or appropriate to enforce or
implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Appellant's argument that the July 25, 2005 Order was a "contempt" order is devoid of any degree of persuasion. Section 105(a) clearly authorizes the Bankruptcy Court to enter the Order necessary to "enforce or implement court orders." The July 25, 2005 Order falls squarely within the provisions of Section 105(a) and as such, it was not an abuse of discretion for the Bankruptcy Court to enter the Order to enforce the July 13, 2005 Show Cause Order.

## Conclusion

Based upon the foregoing, the Bankruptcy Court did not abuse its discretion in entering the Order directing the trustee to withhold payments to appellant.

Accordingly,

**IT IS HEREBY ORDERED** that the July 25, 2005 Order of the Bankruptcy Court is affirmed.

Dated this 14th day of December, 2005.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE